a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL DEWAYNE AIKENS #21495-035,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00196<br>SEC P |
| VERSUS | JUDGE DRELL |
| SHERIFFS OFFICE RAPIDES PARISH ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Daniel Dewayne Aikens ("Aikens"). Aikens is imprisoned at the United States Penitentiary in Atwater, California. He seeks monetary damages for his allegedly unlawful arrest in Rapides Parish and subsequent detention.

Because Aikens fails to state a viable claim, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Aikens was convicted of multiple crimes related to homemade bombs and threats of injury and death to victims. *United States v. Aikens*, 1:20-cr-00023 (W.D. La.). His appeal is pending before the United States Court of Appeals for the Fifth Circuit. *United States v. Aikens*, 23-30196 (5th Cir.).

Aikens alleges that he was subjected to an unlawful traffic stop and arrest by the Rapides Parish Sheriff in January 2020, followed by unlawful detention by the

Federal Bureau of Investigations ("FBI"). He seeks compensatory and punitive damages for the alleged constitutional violations.

II. Law and Analysis

A. Aikens's Complaint is subject to preliminary screening.

Aikens is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 8. Therefore, his Complaint is subject to preliminary screening. *See* 28 U.S.C. §§ 1915(e)(2); 1915A; *see also Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. Aikens fails to state a viable claim for damages.

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action seeking damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

A judgment for damages for Aikens's arrest and pre-trial detention would imply the invalidity of his subsequent conviction and sentence. Aikens's appeal is

pending in the Fifth Circuit, so his conviction has not been reversed, expunged, or declared invalid. Therefore, Aikens's request for damages is barred by *Heck*.

### III. Conclusion

Because Aikens's damages claim is barred by *Heck*, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e) until such time as the *Heck* conditions are met.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, July 16, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").